# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 18-494V
(not to be published)

| | |
|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * *  <br>ANJANETTE WELCH,  <br>  <br>               Petitioner,  <br>  <br>v.  <br>  <br>SECRETARY OF HEALTH AND  <br>HUMAN SERVICES,  <br>  <br>               Respondent.  <br>* * * * * * * * * * * * * * * * * * * * * * * * * | Special Master Corcoran  <br>  <br>Filed: August 29, 2019  <br>  <br>  <br>  <br>Attorney's Fees and Costs;  <br>Reasonable Basis. |

*Robert P. Goodwin*, Walsh, Roberts & Grace, Buffalo, NY, for Petitioner.

*Voris E. Johnson*, U.S. Dep't of Justice, Washington, DC, for Respondent.

### DECISION AWARDING ATTORNEY'S FEES AND COSTS[1]

On April 4, 2018, Anjanette Welch filed a petition under the National Vaccine Injury Compensation Program ("Vaccine Program")[2] alleging that she suffered Guillain-Barré syndrome ("GBS") after receipt of the influenza ("flu") vaccine on October 18, 2016. ECF No. 1. In support of her claim, Petitioner filed two expert reports from her treating neurologist, Dr. Fredric Schoen. *See generally* Ex. 8, filed Oct. 25, 2018 (ECF No. 11-1); Ex. 10, filed Feb. 28, 2019 (ECF No. 15-2) ("Schoen Second Rep."). In his second report, however, Dr. Schoen characterized Petitioner's injury as "extremely mild GBS." Schoen Second Rep. at 2. More significantly, taking into consideration the facts that the timing of Petitioner's injury onset was unclear and that her medical history suggested

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims's website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012)). **This means that the Decision will be available to anyone with access to the internet.** As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public in its current form. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

potential alternate causes for her condition, Dr. Schoen concluded that he could *not* state within a reasonable degree of medical certainty that the flu vaccine caused Petitioner's injury (regardless of whether it was properly characterized as GBS). *Id.*

Following the submission of this expert report, I informed the parties of my intention to resolve this case on the record, and they submitted briefs in support of their respective positions in the spring of 2019. *See generally* Mot. for Ruling on Record, filed Apr. 12, 2019 (ECF No. 17); Resp. to Mot. for Ruling on Record, filed Apr. 24, 2019 (ECF No. 18); Reply to Resp. to Mot. for Ruling on Record, filed May 1, 2019 (ECF No. 19). I dismissed Petitioner's claim in a Decision dated July 2, 2019. ECF No. 21 ("Decision"). Petitioner did not seek review of that dismissal decision.

Petitioner has now filed an application for a final award of attorney's fees and costs incurred in connection with this case. Mot. for Atty's Fees & Costs, filed August 1, 2019 (ECF No. 25) ("Fees App."). She requests a total award of $10,465.50, reflecting attorney's fees in the amount of $9,175.00, plus costs of $1,290.50, incurred between July 2017 and July 2019. *Id.* at 3; Fees App. Ex. A at 6. As reflected in the fees motion, Respondent has offered no objection to Petitioner's request for an award of fees and costs. Fees App. at 2.

## ANALYSIS

Even unsuccessful Program claims can merit a fees and costs award—but to establish grounds for fees in such a case, the petitioner must demonstrate the claim's "reasonable basis" through some *objective* evidentiary showing and in light of the "totality of the circumstances," including all facts relevant to the to the case, as well as the evidence actually supporting the claim itself. *See Chuisano v. Sec'y of Health & Human Servs.*, 116 Fed. Cl. 276, 286 (2014) (citing *McKellar v. Sec'y of Health & Human Servs.*, 101 Fed. Cl. 303, 303 (2011)). I have in prior decisions set forth at length the criteria to be applied when determining if a claim possessed "reasonable basis"[3] sufficient for a fees award. *See, e.g.*, *Allicock v. Sec'y of Health & Human Servs.*, No. 15-485V, 2016 WL 3571906, at *4–5 (Fed. Cl. Spec. Mstr. May 26, 2016), *aff'd on other grounds*, 128 Fed. Cl. 724 (2016); *Gonzalez v. Sec'y of Health & Human Servs.*, No. 14-1072V, 2015 WL 10435023, at *5–6 (Fed. Cl. Spec. Mstr. Nov. 10, 2015).

The Court of Federal Claims recently provided further illumination as to the standards that should be used to evaluate whether the totality of the circumstances warrant a finding that reasonable basis existed. *Cottingham v. Sec'y of Health & Human Servs.*, 134 Fed. Cl. 567, 578 (2017), *appeal docketed*, No. 19-1596 (Fed. Cir. Feb. 26, 2019). As Judge Williams therein stated, a special master should consider "the novelty of the vaccine, scientific understanding of the vaccine and its potential

---

[3] Although good faith is one of the two criteria that an unsuccessful petitioner requesting a fees award must satisfy, it is an easily-met one. *Grice v. Sec'y of Health & Human Servs.*, 36 Fed. Cl. 114, 121 (1996) (in the absence of evidence of bad faith, special master was justified in presuming the existence of good faith).

2

consequences, the availability of experts and medical literature, and the time frame counsel has to investigate and prepare the claim."[4] *Id.* at 574.

At bottom, reasonable basis is something *less* than sufficient proof to meet the preponderance evidentiary burden, consistent with the concept that even where a Petitioner is found not to have established his claim by a preponderance, he may nevertheless be able to muster sufficient objective proof to demonstrate reasonable basis. *Braun v. Sec'y of Health & Human Servs.*, No. 17-1571V, 2019 WL 3228040, at *4 (Fed. Cl. June 19, 2019) (explaining that reasonable basis standard is "less exacting than the preponderance of the evidence stand and thus, is easier to satisfy").

Here, I find that Petitioner's claim possessed reasonable basis. Although the claim's weaknesses were rendered insurmountable when Dr. Schoen declined to opine within a reasonable degree of medical certainty that the flu vaccine caused Petitioner's injury, Petitioner *did* initially allege GBS following the flu vaccine, a claim that appears on the Vaccine Injury Table. *See* 42 C.F.R. § 100.3(a)(XIV)(D). Additionally, Petitioner's medical record provided ample support for the contention that she experienced some kind of neuropathy following receipt of the flu vaccine, and she also had a treater willing to (initially) opine in her favor. *See* Decision at 2–4. Thus, I find that, while her claim was not supported by sufficient preponderant evidence to merit a damages award, Petitioner's claim did for most of its existence possess a reasonable basis, and Petitioner is thus entitled to an award of reasonable attorney's fees and costs.

Determining the appropriate amount of the fees award is a two-part process. The first part involves application of the lodestar method—"multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429–37 (1983).

An attorney's reasonable hourly rate is determined by the "forum rule," which bases the proper hourly rate on the forum in which the relevant court sits (Washington, DC, for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates (the *Davis* exception). *Avera*, 515 F.3d at 1348 (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). *McCulloch* established the hourly rate ranges for attorneys with different levels of experience who are entitled to the forum rate in the Vaccine Program. *See McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

---

[4] The existence of an impending statute of limitations deadline, however, has been removed from consideration under the "totality of the circumstances" analysis, as it does not constitute an objective factor relevant to the claim's underlying validity. *Simmons v. Sec'y of Health & Human Servs.*, 875 F.3d 632, 636 (Fed. Cir. 2017).

In this case, Petitioner requests fees for her counsel, Mr. Goodwin, at a rate of $250 per hour for work performed from July 2017 to July 2019. Fees App. Ex. A at 1–5. As acknowledged in Petitioner's fees motion, Mr. Goodwin has previously been compensated for his work at a rate of $175 per hour. Fees App. at 2 (discussing *Ferenc v. Sec'y of Health & Human Servs.*, No. 15-1432V, 2016 WL 6426423 (Fed. Cl. Spec. Mstr. Aug. 11, 2016); *Ferenc v. Sec'y of Health & Human Servs.*, No. 15-1431V, 2016 WL 3252785 (Fed. Cl. Spec. Mstr. May 10, 2016)). Petitioner asserts that Mr. Goodwin is now entitled to an hourly rate of $250 based on the forum rates for an attorney with his level of experience, as well as the fact that he is now a partner at his law firm. *Id.*

Neither of the *Ferenc* attorney's fees and costs decisions contained a reasoned determination of whether Mr. Goodwin is entitled to the forum rates set forth in *McCulloch*. However, other attorneys based in Buffalo, New York (where Mr. Goodwin's practice is located) have *not* been found to be "in-forum," and have accordingly been awarded fees at a slightly lower rate. *See, e.g.*, *Harvey v. Sec'y of Health & Human Servs.*, No. 16-705V, 2019 WL 3933656, at *3 (Fed. Cl. Spec. Mstr. July 29, 2019). I find the rate requested for Mr. Goodwin's work in this case, $250 per hour, to be appropriate for a Buffalo-based attorney with his level of experience.[5]

I also find the work performed in this matter—36.70 hours—to be reasonable, given the case's duration. Fees App. Ex. A at 5. Mr. Goodwin's billing records are detailed, and do not reflect improper billing for paralegal tasks or clerical work. Accordingly, I will make no adjustments to the hours expended, and will award the requested attorney's fees in full.

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992); *Presault v. United States*, 52 Fed. Cl. 667, 670 (Fed. Cl. 2002). Petitioner requests $1,290.50 in overall costs. Fees App. Ex. A at 6. This amount includes the cost of acquiring medical records, the filing fee, and reports from Dr. Schoen. *Id.* at 5–6. These costs are typical of Vaccine Program litigation, and the total sum sought is reasonable. I shall thus award the requested costs without reduction.

Accordingly, in the exercise of the discretion afforded to me in determining the propriety of fees and costs awards, and based on the foregoing, I **GRANT** Petitioner's Motion for Attorney's Fees and Costs, awarding **$10,465.50** in fees and costs in the form of a check jointly payable to Petitioner and Petitioner's counsel, Mr. Robert Goodwin, Esq. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of this decision.[6]

---

[5] In finding this hourly rate to be reasonable, I am not determining whether Mr. Goodwin is entitled to the forum rates set forth in *McCulloch*.

[6] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.

**IT IS SO ORDERED.**

s/Brian H. Corcoran
Brian H. Corcoran
Special Master
